IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL GALLEGOS,

       Petitioner,

v.                                                   CIV 07-627 WJ/CEG

STATE OF NEW MEXICO,
ATTORNEY GENERAL,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on Daniel Gallegos's: (i) Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, (ii) Motion for Summary Judgment, and (iii) Motion for Emergency Stay of Mandate and Application for Temporary Restraining Order and Preliminary Injunction.  *See Docs. 1, 8, 11, 17, 18.*  Gallegos pled no contest in Santa Fe Magistrate Court to Careless Driving, a misdemeanor in violation of N.M. Stat. Ann. § 66-8-114 (1978).  He was sentenced to a term of ninety days in jail.  On appeal to the state district court, Gallegos argued, among other things, that his plea was involuntary and that his waiver of counsel was unknowing.  Because there was not a verbatim record of Gallegos's plea and waiver in magistrate court, the state district court held an evidentiary hearing and thereafter concluded that Gallegos's plea and waiver were entered knowingly, intelligently, and voluntary.

      Gallegos appealed, raising three issues: (i) whether it was error for the district court to conduct an evidentiary hearing when a "documentary" magistrate court record was not made, (ii) whether the district court correctly determined that Gallegos entered his plea voluntarily,

knowingly, and intelligently, and (iii) whether the district court erred in not reviewing Gallegos's appeal de novo. *Doc. 7* at Exs. M, O, Q. The New Mexico Court of Appeals affirmed Gallegos's conviction. The Opinion, in relevant part, states: "We do not read *Boykin* to preclude an evidentiary hearing in these circumstances . . . *Boykin* does not appear to require a contemporaneous record, as Defendant contends." *Id*. at Ex T. Gallegos then filed a Petition for Certiorari Review with the New Mexico Supreme Court, which was summarily denied. *Id*. at Ex. W.

In his federal habeas proceeding, Gallegos asserts one claim: "the Opinion that a contemporaneous record of a voluntary plea is not required by Boykin v. Alabama is contrary to or an unreasonable interpretation of this Supreme Court precedent, as it is essentially the dissent expressed by Justices Harlan and Black."[1] *Doc. 1* at 4. When a state court "adjudicates" the claim at issue on the merits, rather than disposing of a claim on a procedural ground, a federal court cannot grant a writ of habeas corpus unless the adjudication: (i) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (ii) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1)-(2); *see, e.g.*, *Parker v. Scott*, 394 F.3d 1302, 1308-

---

[1] The New Mexico Court of Appeals recently issued an Order Denying Motion to Stay Mandate. *See Doc. 16*. The Santa Fe Magistrate Court has not yet entered an amended judgment and sentence. *Id*. In contrast to its procedural complications, Gallegos's claim may be disposed of in straightforward fashion on substantive grounds. Therefore, I invoke my discretion to bypass a complex exhaustion issue, and reject the claim on the merits. *See Revilla v. Gibson*, 283 F.3d 1203, 1210-1211 (10th Cir. 2002). I also note that an evidentiary hearing is unnecessary because all of the issues can be resolved on the record. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); *Rule 8(a), Rules Governing Section 2254 Cases In The United States District Courts.* In addition, I also note that Gallegos satisfies the "in custody" requirement. *See Hensley v. Municipal Ct.*, 411 U.S. 345, 345-46 (1973) (person released on his own recognizance is in custody); *United States ex rel. Grundset v. Franzen*, 675 F.2d 870, 872 (7th Cir.1982) (custody requirement satisfied by person on bail pending final disposition of his case).

09 (10th Cir. 2005); *Saiz v. Ortiz*, 392 F.3d 1166, 1176 (10th Cir. 2004), *cert. denied,* 125 S. Ct. 2976 (2005).

I find Gallegos's argument to be without merit.  Simply put, nothing in *Boykin* requires the taking of a verbatim record in plea proceedings.  *See Boykin v. Alabama*, 395 U.S. 238 (1969).  As the Supreme Court made clear one year after *Boykin* in *North Carolina v. Alford*, 400 U.S. 25 (1970), "the standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant." *Id.* at 31 (citing *Boykin*, 395 U.S. at 242).  The Seventh Circuit, in a highly analogous habeas proceeding, concluded that "*Alford* made clear that lack of a verbatim transcript demonstrating that the trial judge admonished the defendant in a manner consistent with *Boykin* is not constitutionally required." *United States ex rel. Grundset v. Franzen*, 675 F.2d 870, 877 (7th Cir. 1982).  In addition, nothing in *Boykin* precludes the state court from holding an evidentiary hearing under these circumstances.  The standard is contrary to, or involving an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  Because Gallegos cannot satisfy this standard, his case should be dismissed.

Wherefore,

IT IS HEREBY RECOMMENDED THAT:

1) The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) be denied;

2) Petitioner's Motion for Summary Judgment (Doc. 8) be denied;

3) Petitioner's Motion for Emergency Stay of Mandate and Application for Temporary Restraining Order and Preliminary Injunction (Doc. 17) be denied as moot; and

4) this cause be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE