IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL GALLEGOS,

      Petitioner,

v.                                                          CIV 07-627 WJ/CEG

STATE OF NEW MEXICO,
ATTORNEY GENERAL,

      Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed her Proposed Findings and Recommended Disposition on September 10, 2007. *See Doc 24.* Petitioner filed his objections to the Proposed Findings and Recommended Disposition on September 20, 2007. *See Doc. 25.* The Court has carefully reviewed Petitioner's objections de novo and, for the reasons below, hereby adopts the Proposed Findings and Recommended Disposition.

The Court finds Petitioner's *Boykin* objection to be without merit. Nothing in *Boykin* requires the taking of a verbatim record in plea proceedings or precludes the state court from holding an evidentiary hearing under the circumstances presented. *See Boykin v. Alabama*, 395 U.S. 238 (1969). Accordingly, the Court concurs with the Magistrate Judge's Proposed Findings and Recommended Disposition and overrules Petitioner's objection regarding the motion for injunctive relief. In doing so, the Court notes that Petitioner's counsel has misread 28 § 636 (b)(1)(B). While a magistrate judge cannot, pursuant to 28 § 636 (b)(1)(A), determine a motion for injunctive relief, 28 § 636 (b)(1)(B) clearly allows a magistrate judge to make a recommendation on a motion for injunctive relief. Here, the referral to the Magistrate Judge was pursuant to 28 § 636 (b)(1)(B). *See Doc. 4.*

Petitioner also objects to the Magistrate Judge's failure to award him a default judgment on the basis of a lack of response to his motion for summary judgment. He contends that "the Court is bound by law to enforce the default of the State on Petitioner's Motion for Summary Judgment." This objection is overruled. The failure to respond to a motion for summary judgment in a habeas corpus proceedings does not entitle Petitioner to a default judgment. *See Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), superseded on other grounds by statute as stated in *Cobb v. Perini*, 832 F.2d 342 (6th Cir. 1987); *Lemons v. O'Sullivan,* 54 F.3d 357, 364-65 (7th Cir. 1995) (holding that a default judgment is a disproportionate sanction that is disfavored in habeas corpus cases); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases"); *see also Stines v. Martin*, 849 F.2d 1323, 1324-25 (10th Cir. 1988).

Wherefore,

IT IS HEREBY ORDERED THAT:

1)	The Petition for Writ of Habeas Corpus (Doc. 1) is denied;

2)	Petitioner's Motion for Summary Judgment (Doc. 8) is denied;

3)	Petitioner's Motion for Emergency Stay of Mandate and Application for Temporary Restraining Order and Preliminary Injunction (Doc. 17) is denied as moot; and

4)	this cause is dismissed with prejudice.

UNITED STATES DISTRICT JUDGE